IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,613






EX PARTE RAUL AVALOS GUZMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1187487 IN THE 351ST DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam. Alcala, J., not participating. 


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to forty-five years' imprisonment. 

 Applicant contends, inter alia, that his counsel rendered ineffective assistance because he
failed to timely file a notice of appeal. Trial counsel filed an affidavit stating that "[n]o discussion
with respect to appealing the convictions by our office were had with either [Applicant] and/or
family." 

 Applicant was sentenced in a companion case on the same day as the instant case and
managed to perfect appeal acting pro-se, but his conviction was affirmed after appointed counsel
filed an Anders brief and was allowed to withdraw. Guzman v. State, No. 01-09-00934 (Tex.
App.-Houston [1st Dist.] Dec. 2, 2010) (unpublished). The trial court has determined that Applicant
is not entitled to an out-of-time appeal in the instant case because the appeal in the companion case
was without merit. 

 Counsel has a duty "to consult with and fully to advise his client concerning meaning and
effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity
of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his
professional judgment as to the possible grounds for appeal and their merit, and delineating
advantages and disadvantages of appeal." Ex parte Axel, 757 S.W.2d 369, 375 (Tex. Crim. App.
1988). Based on his affidavit, trial counsel did not fulfill his duties under Axel.

 We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal
of the judgment of conviction in Cause No. 1187487 from the 351st Judicial District Court of Harris
County. Applicant is ordered returned to that time at which he may give a written notice of appeal
so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be
calculated as if the sentence had been imposed on the date on which the mandate of this Court issues.
We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file
a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

 Applicant's remaining claims are dismissed. Ex Parte Torres, 943 S.W.2d 469 (Tex. Crim.
App. 1997).


Delivered: August 24, 2011

Do Not Publish